**Hearing Date and Time: August 15, 2023, at 10:00 a.m.**
**Objection Deadline: August 8, 2023, at 4:00 p.m.**

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
David M. Zensky
Joseph L. Sorkin
Brad M. Kahn
Katherine Porter
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

James R. Savin
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Counsel to the Official Committee*
*of Unsecured Creditors of SVB Financial Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>SVB FINANCIAL GROUP,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No. 23-10367 (MG) |
| SVB FINANCIAL GROUP,<br>                Plaintiff,<br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, and FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank and Silicon Valley Bank Bridge Bank, N.A.,<br>                Defendants. | Adv. Case No. 23-01137 (MG) |

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

**NOTICE OF HEARING ON MOTION TO**
**INTERVENE BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**PLEASE TAKE NOTICE** that on July 13, 2023, the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of SVB Financial Group filed the *Motion to Intervene by Official Committee of Unsecured Creditors* (the "Motion") in the above-captioned adversary proceeding (the "Adversary Proceeding").

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") to consider the Motion will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Court"), in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408, on **August 15, 2023 at 10:00 a.m. (prevailing Eastern Time)**. For those wishing to participate remotely, in accordance with General Order M-543, dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. When making an eCourtAppearance, parties must specify whether they are making a "live" or "listen only" appearance. Electronic appearances (eCourtAppearances) need to be made by **August 14, 2023 at 4:00 p.m. (prevailing Eastern Time).** Information concerning the Zoom hearing is also available at the Court's website, identified above.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern

District of New York, and the *Order Establishing Case Management Procedures* in the Chapter 11 Case [ECF No. 131]; and (c) be filed electronically with the Court on the docket of this Adversary Proceeding by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at *http://www.nysb.uscourts.gov*); and (d) be served so as to be actually received by the Court and the Committee no later than **August 8, 2023, at 4:00 p.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter an order granting the relief requested by the Committee. If no responses or objections are timely filed and served with respect to the Motion, the Committee may submit to the Court an order substantially in the form of the proposed order attached to the Motion as <u>Exhibit A</u>, which order may be entered with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in the Chapter 11 Case and this Adversary Proceeding may be obtained free of charge by visiting the website of Kroll at https://restructuring.ra.kroll.com/svbfg/Home-DocketInfo. You may also obtain copies of the Motion and other pleadings filed in the Chapter 11 Case and this Adversary Proceeding by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: New York, NY
       July 13, 2023

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/ David M. Zensky*
Ira S. Dizengoff
David M. Zensky
Joseph L. Sorkin
Brad M. Kahn
Katherine Porter
One Bryant Park
New York, NY 10036-6745
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
dzensky@akingump.com
jsorkin@akingump.com
bkahn@akingump.com
kporter@akingump.com

James R. Savin
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
jsavin@akingump.com

*Counsel to the Official Committee
of Unsecured Creditors of SVB Financial Group*

**Hearing Date and Time: August 15, 2023, at 10:00 a.m.**
**Objection Deadline: August 8, 2023, at 4:00 p.m.**

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
David M. Zensky
Joseph L. Sorkin
Brad M. Kahn
Katherine Porter
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

James R. Savin
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Counsel to the Official Committee*
*of Unsecured Creditors of SVB Financial Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>SVB FINANCIAL GROUP,[2]<br><br>  Debtor. | Chapter 11<br><br>Case No. 23-10367 (MG) |
| SVB FINANCIAL GROUP,<br>  Plaintiff,<br>v.<br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, and FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank and Silicon Valley Bank Bridge Bank, N.A.,<br>  Defendants. | Adv. Case No. 23-01137 (MG) |

---

[2] The last four digits of SVB Financial Group's tax identification number are 2278.

5

**MOTION TO INTERVENE BY**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "Committee") of SVB Financial Group ("SVBFG" or the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, hereby respectfully moves (the "Motion") the Court pursuant to section 1109(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 24 of the Federal Rules of Civil Procedure (the "Civil Rules") and Rule 7024 of Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Intervention Order"), permitting the Committee to intervene in the adversary proceeding captioned *SVB Financial Group v. Federal Deposit Insurance Corporation in its corporate capacity and Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank and Silicon Valley Bank Bridge Bank, N.A.*, Adv. Proc. No. 23-01137 (the "FDIC Adversary Proceeding"), and in support thereof respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Under Second Circuit law, the Committee has an unconditional right to intervene in the FDIC Adversary Proceeding pursuant to Rule 24 of the Civil Rules, made applicable by Rule 7024 of the Bankruptcy Rules, and section 1109(b) of the Bankruptcy Code. S*ee Term Loan Holder Comm. v. Ozer Group L.L.C. (In re Caldor Corp.)*, 303 F.3d 161, 162-63 (2d Cir. 2002)). The Debtor has advised that it consents to the Committee's intervention. The FDIC-C will not consent, and the FDIC-R has not determined its position as of the date of this filing.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the Southern District of New York has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core

6

proceeding under 28 U.S.C. § 157(b). Venue in this district is proper per 28 U.S.C. §§ 1408 and 1409. The legal predicate for the relief sought herein is section 1109(b) of the Bankruptcy Code and Rule 24 of the Civil Rules, as made applicable by Rule 7024 of the Bankruptcy Rules.

## BACKGROUND

### A. The Debtor

3. On March 17, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its property and continues to operate and maintain its business as debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No request has been made for the appointment of a trustee or examiner in the Chapter 11 Case.

4. On March 28, 2023, the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

5. Prior to March 10, 2023, SVBFG operated Silicon Valley Bank ("SVB"), which was a commercial bank that offered credit, treasury management, foreign exchange, trade finance, and other services to clients in key innovation markets.

6. On or about March 10, 2023, the California Department of Financial Protection and Innovation issued an order taking possession of SVB and appointed the FDIC-R to serve as Receiver for SVB. The FDIC-R subsequently transferred all deposits and substantially all assets of SVB to a newly created, FDIC-R-operated bridge bank, Silicon Valley Bridge Bank, National Association.

7. The Debtor is owed approximately $2 billion arising from its deposit accounts, which were originally deposited with SVB (the "Account Funds").

8. Additional factual background relating to the Debtor's businesses, the receivership of Silicon Valley Bank, and the commencement of the Chapter 11 Case is set forth in the *Declaration of William C. Kosturos in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* [Bankr. ECF No. 21], *Supplemental Declaration of William C. Kosturos in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* [Bankr. ECF No. 43], and the *Complaint against Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank ("FDIC-R"), Federal Deposit Insurance Corporation* [ECF No. 1].

9. On or about March 16, 2023, the FDIC-R began restricting Debtor's access to the Account Funds, and has since refused Debtor's requests for access and payment.

10. Since the outset, the Committee has been actively involved in the Chapter 11 Case including by, among other things, working with the Debtor to advance its efforts to recover its Account Funds and to obtain information concerning the Account Funds from the FDIC-R. *See e.g.*, *Official Committee of Unsecured Creditors' Joinder in, and Statement with Respect to* Ex Parte *Motion of the Debtor for an Order Authorizing Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016* [Bankr. ECF No. 254].

**B. The FDIC Adversary Proceeding**

11. The Debtor is the plaintiff in the FDIC Adversary Proceeding.

12. By the FDIC Adversary Proceeding, the Debtor seeks, among other things, turnover of the Account Funds and to remedy violations of the automatic stay imposed by section 362 of the Bankruptcy Code.

13. The claims asserted in the FDIC Adversary Proceeding are among the most valuable estate assets. Obtaining recovery of the Account Funds is the central event of this

8

bankruptcy case, and critical for the timely formulation and implementation of a plan of reorganization.

## BASIS FOR RELIEF

14.     The Committee is entitled to intervene here as a matter of unconditional right. Civil Rule 24(a)(1), made applicable to adversary proceedings by Bankruptcy Rule 7024, provides that upon timely application, "the court must permit anyone to intervene who . . . is given an unconditional right to intervene by federal statute . . . ." FED. R. CIV. PRO. 24(a)(1); FED. R. BANKR. PROC. 7024. Section 1109(b) of the Bankruptcy Code, in turn, provides that "[a] party in interest, *including . . . a creditors' committee* . . . may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b) (emphasis added). As such, section 1109(b) of the Bankruptcy Code provides parties in interest, such as the Committee, with "an unconditional right to intervene" in adversary proceedings under chapter 11 pursuant to Rule 24(a)(1). *See Term Loan Holder Comm.*, 303 F.3d at 169 (holding that the right to intervene embodied by § 1109(b) encompasses "any issue in a case" including adversary proceedings).

15.     In addressing the scope of intervention as of right, the Southern District of New York has explained that "parties in interest should have the same rights in adversary proceedings that they have in cases." *Adelphia Commc'ns Corp. v. Rigas (In re Adelphia Commc'ns. Corp.)*, 285 B.R. 848, 854 (Bankr. S.D.N.Y. 2002). Thus, for example,

> intervenor parties in interest have the right to raise any issue, and to appear and be heard on any issue, in an adversary proceeding, just as they have such rights in the umbrella case itself. It would likewise follow that they have the right to brief and argue such matters as they see fit, and (though here the matter becomes more abstract) to "raise" matters of concern to them, in case status conferences and by the filing of motions.

*Id.* at 854.

16. Although Rule 24(c) of the Civil Rules requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought," FED. R. CIV. P. 24(c), a waiver of such requirement is appropriate where, as here, "the Committee[] [is] not claiming ownership of one or more causes of action in [its] own name or the ability to bring it derivatively in the name of the estate, and [is] intervening merely to vindicate [its] rights under section 1109(b)." *In re Adelphia Commc'ns. Corp.*, 285 B.R. at 856 n. 18. Given that the Committee seeks intervention to vindicate its rights under section 1109(b) of the Bankruptcy Code, the pleading requirement of Rule 24(c) is properly waived.

17. In addition to this express right, the Committee's significant role in this case supports intervention. Since the outset of the Chapter 11 Case, the Committee has worked closely with the Debtor in its efforts to formulate the claims asserted in the FDIC Adversary Proceeding and recover the Account Funds that were previously held at the former SVB. The Committee has a clear interest in maximizing the Debtor's estate, and thus an interest in participating in this FDIC Adversary Proceeding.

18. Finally, the Committee's request is timely. Courts in the Second Circuit have identified four criteria to assess timeliness: "(a) the length of time [the applicant] knew or should have known of [its] interest before making the motion; (b) prejudice to existing parties resulting from [the applicant's] delay; (c) prejudice to [the applicant] if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." *Read Int'l Design Concepts v. Saks, Inc.*, 486 F. Supp. 2d 229, 235 (S.D.N.Y. 2007) (internal quotations omitted). Here, the FDIC Adversary Proceeding has just commenced and nothing more than a complaint has been filed. Additionally, there are no unusual circumstances militating against a finding of timeliness. Accordingly, the Motion is timely and should be granted.

19. Despite declining to consent to the relief sought herein, neither the FDIC-C or FDIC-R have advised the Committee of any basis to oppose its intervention.

## I. Notice Is Adequate and Sufficient

20. Notice of this Motion has been given to counsel to the Debtor and counsel to the FDIC-C and the FDIC-R. In light of the nature of the relief requested herein, the Committee submits that no further notice is required and requests that such notice be deemed adequate and sufficient.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Committee respectfully requests that the Court enter an order substantially in the form of the proposed Intervention Order, attached hereto as **Exhibit A**, authorizing the Committee to intervene in the FDIC Adversary Proceeding and granting the Committee full participation rights therein, and granting such other and further relief as is just and proper.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: New York, NY<br>July 13, 2023 | **AKIN GUMP STRAUSS HAUER & FELD LLP**<br><br>By: */s/ David M. Zensky*<br>Ira S. Dizengoff<br>David M. Zensky<br>Joseph L. Sorkin<br>Brad M. Kahn<br>Katherine Porter<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>idizengoff@akingump.com<br>dzensky@akingump.com<br>jsorkin@akingump.com<br>bkahn@akingump.com<br>kporter@akingump.com<br><br>James R. Savin<br>2001 K Street NW<br>Washington, DC 20006<br>Telephone: (202) 887-4000<br>Facsimile: (202) 887-4288<br>jsavin@akingump.com<br><br>*Counsel to the Official Committee of*<br>*Unsecured Creditors of SVB Financial Group* |

## **Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br><br>SVB FINANCIAL GROUP,[1]<br><br>Debtor.<br><hr>SVB FINANCIAL GROUP,<br>            Plaintiff,<br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, and FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank and Silicon Valley Bank Bridge Bank, N.A.,<br>           Defendants. | Chapter 11<br><br>Case No. 23-10367 (MG)<br><br><br><br><br><br>Adv. Case No. 23-01137 (MG) |

**[PROPOSED] ORDER GRANTING MOTION**
**TO INTERVENE BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Upon consideration of the *Motion to Intervene by Official Committee of Unsecured Creditors* [ECF No. __] (the "Motion"),[2] and due and proper notice of the Motion having been given; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this is a core proceeding pursuant to 28 U.S.C.

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

§ 157(b)(2); and after due deliberation, and sufficient cause appearing therefor, it is hereby

ORDERED that:

1. The Motion GRANTED; and

2. The Committee is authorized to intervene in the FDIC Adversary Proceeding with full participation rights.

New York, New York
Dated: _____, 2023

_____
The Honorable Martin Glenn.
United States Bankruptcy Judge

2